UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAY ORZECHOWSKI, | : | Case No. 1:06CV2430 |
| Plaintiff, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| | : | **OPINION AND ORDER** |
| YORK, *et al.* | : | |
| | : | |
| Defendants. | : | |

Pending before the Court are Defendant York, A Johnson Control Company's ("York" or "Defendant") November 21, 2006 *Motion to Dismiss* (Doc. 8), and Plaintiff Jay Orzechowski's ("Orzechowski" or "Plaintiff") January 24, 2007 *Motion for Leave to File an Amended Complaint* (Doc. 15).[1] The parties have filed their opposition and reply briefs, and the issues are ripe for the Court's consideration. For reasons more fully explained below, York's *Motion to Dismiss* (Doc. 8) is **GRANTED**. Plaintiff Jay Orzechowski is further ordered to SHOW CAUSE within seven (7) days of the date of this order why his claim against Aetna, Inc. ("Aetna") should not also be dismissed. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 15) will be held in abeyance pending his response to the show cause order.

**I.     BACKGROUND.**

---

[1] Also before the Court is Plaintiff's *Motion for Leave to File a Response* Instanter *to Defendant's Motion to Dismiss* (Doc. 16). In that motion, Plaintiff explains that his Response was inadvertently filed one day beyond the deadline; that motion is **GRANTED** as unopposed and well-taken.

On October 9, 2006, Orzechowski filed a complaint against York and Aetna. The allegations of the complaint are sparse, but the crux of Plaintiff's claims appears to be that York and Aetna improperly changed or cancelled his health benefits (provided by York) and his long-term disability benefits (provided by Aetna). Orzechowski asserts four causes of action arising from those allegations. Three causes of action are grounded in state-law (fraud, intentional infliction of emotional distress, and breach of contract). The fourth cause of action is a federal-law claim for an ERISA violation. Plaintiff's proposed Amended Complaint essentially only adds one additional allegation – that a York benefits administrator testified that his benefits could not change – and specifies the section of ERISA under which he seeks relief: 29 U.S.C. § 1140 (often referred to as a § 510 claim).

## II. DISCUSSION.

### A. Standard of Review.

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." Columbia Natural Res., Inc, v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing Allard v. Weitzman, 991 F.2d 136, 1239-40 (6th Cir. 1993)). This standard of review "require[s] more than the bare assertion of legal conclusions." Id. (citing Allard, 991 F.2d at 1240). "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (internal quotations and citations omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

2

**B.     Plaintiff's State Law Causes of Action.**

Plaintiff's Complaint sets forth three state law causes of action – fraud, intentional infliction of emotional distress, and breach of contract. Though the Complaint is minimal, it is clear that all of Plaintiff's causes of action relate to his alleged interests under his former employer's benefit plans.

York argues that Orzechowski's state law claims are preempted by ERISA. Orzechowski responds by asserting that his state law claims do not assert the improper denial of benefits, but the purposeful interference with those benefits. Orzechowski, however, misapprehends the scope of ERISA preemption.

ERISA is a comprehensive statutory scheme for, "the federal regulation of private employees benefit plans, including both pension plans and welfare plans." Dist. of Columbia v. Greater Washington Bd. of Trade, 506 U.S. 125, 126 (1992). ERISA preemption is not limited to state law claims that solely require the evaluation of an ERISA plan. Rather, ERISA "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added). Subject to certain exceptions inapplicable here, section 514 of ERISA preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

Each of Orzechowski's state-law claims are related to the employee benefit plan. The allegation in Plaintiff's amended complaint that purports to assert a breach of contract claim is that "Defendant York purposefully interfered with Plaintiff's contractual rights for health insurance benefits." Amended Compl. ¶ 11. Notwithstanding that this allegation states a tort claim and not a breach of contract claim, it inextricably links the claim to the determination of Plaintiff's rights under his plan. Plaintiff's claim for intentional infliction of emotional distress fares no better. As a basis for that claim, Plaintiff simply

3

recites "Defendant's outrageous and extreme actions against Plaintiff resulted in the intentional infliction of emotional distress." Amended Compl. ¶ 11. Orzechowski has simply not alleged any outrageous or extreme actions taken against him. The *only* "act" of the defendants that can be found in the Complaint is the cancellation of the policy. Orzechowski's emotional distress claim, therefore, is also dependent on the cancellation of his benefits, and likewise preempted.

Similarly, Orzechowski's fraud claim is based on the alleged representations made to him about his ERISA benefits. Once again, this claim directly relates to his benefit plan and is also barred. See Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp., 399 F.3d 692, 703 (6th Cir. 2005). Even if Orzechowski's fraud claim were not preempted by ERISA, the Court would dismiss that claim for failure to comply with Federal Rule of Civil Procedure 9(b). Simply stated, Orzechowski has not alleged how he relied on the statement's of York's benefits administrator. Finally, York points out a third basis that requires the Court to dismiss the fraud claim. Orzechowski's alleged reliance on the oral statements of the administrator runs afoul of the Sixth Circuit's prior holding that ERISA claims must be based on, "a written instrument." Musto v. Am. Gen. Corp., 861 F.2d 897, 909-10 (6th Cir. 1988) (emphasis added) (noting, "the clear terms of a written employee benefit plan *may not be modified or superseded by oral undertakings on the part of the employer*."). Accordingly, Orzechowski's three state-law claims are dismissed with prejudice.

### C. Plaintiff's ERISA Claims.

York argues that Orzechowski's ERISA claims must be dismissed because he failed to allege that he exhausted his administrative remedies. See, e.g., Borman v. Great Atl. & Pac. Tea Co., 64 Fed. Appx. 524, 529 (6th Cir. 2003). York is correct – Orzechowski's amended complaint alleges neither the exhaustion of administrative remedies, nor that the exhaustion requirement should be excused

4

because exhaustion would be unnecessary or futile. Indeed, York raised this argument prior to Orzechowski's motion to amend the complaint. Orzechowski, therefore, was on notice of York's argument that the claims should be dismissed for failure to exhaust his administrative remedies, yet Orzechowski neither remedied the complaint, nor made any attempt to rebut or oppose York's argument in his opposition to York's motion to dismiss. Under these circumstances, the Court has no choice but to dismiss Orzechowski's ERISA claim.[2]

## III. CONCLUSION.

For the reasons articulated above, the Court finds that Plaintiff's state-law based claims are preempted by ERISA, and on that basis dismisses them. Plaintiff's complaint also fails to allege that his administrative remedies were exhausted, futile, or unnecessary. Thus, Plaintiff's ERISA claim is also dismissed. Accordingly, York's Motion to Dismiss (Doc. 8) is **GRANTED**.

The determinations made by the Court in disposing of Orzechowski's claims against York also appear to require the dismissal of his claims against Aetna. Surprisingly, however, Aetna has not yet moved to dismiss Orzechowski's complaint. Nevertheless, because Orzechowski's identical state-law and ERISA claims against York have been dismissed, he must, within seven (7) days of the date of this order, show cause why his claims against Aetna should not be dismissed for the reasons articulated

---

[2] York also argues that Orzechowski's complaint fails to allege that his employer had the specific intent to violate ERISA – a required element of a claim under § 510. Orzechowski's amended complaint only alleges that one of York's agents falsely, and with the intent to mislead, testified that his benefits could not change. Orzechowski baldly claims that this testimony "purposefully interfered" with his contractual rights. It is unclear how this testimony was designed to purposefully interfere with Orzechowski's rights, and Orzechowski offers no further explanation. Ordinarily, the Court would be reluctant to permit an unsupported, conclusory allegation to withstand dismissal. Nevertheless, for the reasons discussed above, the Court need not reach the issue.

herein.

Plaintiff's *Motion for Leave to Amend the Complaint* (Doc. 15) is held in abeyance pending Plaintiff's response to the **SHOW CAUSE** order.

**IT IS SO ORDERED.**

                                            **s/Kathleen M. O'Malley**
                                            **KATHLEEN McDONALD O'MALLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**Dated: April 27, 2007**