UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAY ORZECHOWSKI,** | : | **Case No. 1:06CV2430** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | **OPINION AND ORDER** |
| **YORK,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

In its April 27, 2007 Order, the Court required Jay Orzechowski ("Orzechowski") to show cause why his claim against the remaining defendant in this action, Aetna, Inc. ("Aetna") should not be dismissed due to Orzechowski's failure to state a claim upon which relief can be granted. On May 4, 2007, Orzechowski responded to the show cause order. (See Doc. 21). Aetna filed a reply to Orzechowski's response on May 11, 2007. (See Doc. 22). For the reasons discussed below, Orzechowski's remaining claim against Aetna is **DISMISSED**, his Motion for Leave to Amend the Complaint is **DENIED** as moot, and this matter is **DISMISSED.**

In its April 27, 2007 Order, the Court dismissed Orzechowski's claim, brought under 29 U.S.C. § 1140 (often referred to as a § 510 claim), against York because Orzechowski failed to allege the exhaustion of his administrative remedies. The Court also noted that Orzechowski's complaint "fail[ed] allege that his employer had the specific intent to violate ERISA – a required element of a claim under §510." Though the Order addressed only York's motion to dismiss, Orzechowski's allegations against

Aetna were premised on the same facts[1] and, thus, appeared to equally mandate the dismissal of his claims against Aetna. Accordingly, the Court ordered Orzechowski to show cause why his claims against Aetna should not be dismissed.

In his response to the show cause order, Orzechowski admits that he has not exhausted his administrative remedies against either party. Orzechowski, however, argues that he should be excepted from the exhaustion requirement because an appeal would be futile in his case. Orzechowski concedes that, to invoke the exception, he, "must show that it is certain that his claim will be denied on appeal, not merely that he doubts an appeal will result in a different decision." (Plaintiff's Response at 2 (citing Lindemann v. Mobile Oil Corp., 79 F.3d 647, 650); see also Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, (6th Cir. 1998) (citing id.).

The Sixth Circuit has described two circumstances in which the futility exception applies:

> Generally speaking, we have applied the administrative-futility doctrine in two scenarios: (1) when the "Plaintiffs' suit [is] directed to the legality of [the plan], not to a mere interpretation of it," and (2) when the defendant "lacks the authority to institute the [decision] sought by Plaintiffs." To meet the "quite restricted" standard for establishing administrative futility, we have required a litigant to "make a clear and positive indication" that further administrative review would have come to naught.

Dozier v. Sun Life Assur. Co. of Canada, 466 F.3d 532, 534 (6th Cir. 2006) (internal citations omitted). Orzechowski's response to the show cause order, however, addresses neither situation, nor provides a "clear and positive indication that further administrative review would have come to naught." Id. Instead, Orzechowski simply states that his medical condition did not change and that his benefits should not have been cancelled. In support, Orzechowski attached Aetna's termination letter to his response

---

[1] Actually, Orzechowski's allegations against Aetna were more limited in scope than his allegations against York. Notably, Orzechowski only alleged that a York employee, and not an Aetna employee, intentionally interfered with his benefits by giving inaccurate testimony.

to the show cause order. In that letter, Aetna advises him of his right to appeal the decision and suggests that he provide materials relating to his medical condition in support of his appeal. There is no indication from Orzechowski or in that letter that Aetna would not have considered those materials or that further administrative review would have come to naught. Simply put, Orzechowski's statement, taken as true, that his benefits were terminated despite an unchanged medical condition, has no bearing on whether it would have been futile for him to avail himself of the avenue of administrative review provided by Aetna. See, e.g., Coomer v. Bethesda Hosp., Inc., 370 F.3d 499, 505 (6th Cir. 2004) ("Plaintiffs have not alleged any factual basis for their claim of futility other than the denial of benefits . . . ."); Weiner v. Klais and Co., Inc., 108 F.3d 86, 91 (6th Cir. 1997) (affirming dismissal under 12(b)(6), stating, "Although [plaintiff] contends that such exhaustion would be futile, he has not alleged any factual basis for this claim."). Indeed, the Court imagines, given the description of the process in the termination letter, that the administrative review process is designed precisely to examine such circumstances. Orzechowski has not demonstrated a positive indication to the contrary. Accordingly, Orzechowski has failed to state an ERISA claim.

For the reasons articulated above, Orzechowski's claim against Aetna is **DISMISSED**, his Motion for Leave to Amend the Complaint is **DENIED** as moot, and this matter is **DISMISSED.**.

**IT IS SO ORDERED.**

> s/Kathleen M. O'Malley
> **KATHLEEN McDONALD O'MALLEY**
> **UNITED STATES DISTRICT JUDGE**

**Dated: June 13, 2007**